IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIAM MARK MIZE, <br><br> Plaintiff <br><br> VS. <br><br> WALTER ZANT, <br><br> Defendant | NO. 5:00-CV-80 (WDO) <br><br><br><br> **PROCEEDINGS UNDER 42 U.S.C. §1983** <br> **BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION

### PROCEDURAL HISTORY

Before the court is a **MOTION FOR CONTEMPT AND MODIFICATION OF CONSENT DECREE** filed by plaintiff WILLIAM MARK MIZE. Tab #25. Judgment was entered in favor of defendant WALTER ZANT in the above-styled case on August 11, 2000, but at the direction of United States District Judge Wilber D. Owens, Jr., the parties have continued to file pleadings under this case number (*See* Tab #27). All motions have been referred to the undersigned, a full-time United States Magistrate Judge, for consideration pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72.2. *See* Unnumbered January 17, 2007 docket entry.

### FACTS

The instant case comes before the court based on a Consent Decree entered on behalf of the inmates in the G-House of Georgia Diagnostic and Classification Center (G-House) and the prison administration which was signed by United States District Judge Wilber D. Owens, Jr. on June 5, 1981.[1] That decree had a one year sunset clause.[2] On May 13, 1999, however, Judge Owens entered

---

[1] The consent decree in its entirety has been filed in this case. Tab #35-1.

[2] The sunset clause holds as follows:
> Jurisdiction of the court shall terminate one year subsequent to the date this decree is entered unless at such time a motion has been filed challenging Defendants' compliance with this decree an the Court has ruled to extend its jurisdiction for purposes of hearing and disposing of said motion. If the jurisdiction is continued by the Court and no order disposing of the issues raised by the motion has been entered within eighteen months of this Consent Decree and Order, the jurisdiction of the Court will automatically Terminate. Tab #35-1 at 12.

an order in *Spivey v. Zant*, Civil Action No. 5:79-CV-110, which included language which plaintiff Mize reads to indicate that the Consent Decree was renewed for a period of at least five years with respect to all inmates who are currently incarcerated in G-House.[3]

## ISSUES

The parties do not contest that the original Consent Decree was terminated pursuant to its sunset clause. Therefore, only two questions remain for this court:

First, whether Judge Owens' 1999 Order "resurrected" a Consent Decree that had expired nearly two decades earlier and had been at least partially preempted by the institution of the Prison Litigation Reform Act of 1995 (PLRA),[4] and whether any such resurrection was to continue in perpetuity (or at least for a period of more than seven years between the entry of the 1999 Order and the filing of the instant motion).

Second, if the consent decree had been resurrected, have the defendants been in violation of the decree?

## DISCUSSION

The instant motion asks that the defendants be found in contempt. In order to show contempt, one must demonstrate by clear and convincing proof that "(1) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous; and (3) the alleged violator had the ability to comply with the order." *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000). In the view of the undersigned, the order relied upon by the plaintiff (and which the defendants have allegedly violated) is neither valid nor clear, definite, and unambiguous with respect to its application to anyone other than plaintiff Spivey in Civil Action No. 5:79-CV-110 ; therefore, the defendants are not in contempt.

---

[3] The May 13th Order included the following language with respect to Mr. Spivey's case: "The court HEREBY ORDERS THE PRISON TO ABIDE BY THE CONSENT ORDER." Tab #25-2 at 2.

[4] *See* **Inmates of Suffolk County Jail v. Rouse**, 129 F.3d 649, 655 (1st Cir. 1997) holding that "The PLRA . . . sought to oust the federal judiciary from day-to-day prison management and serve as a last right for many consent decrees." (Internal quotations omitted)

The Consent Decree in question terminated in 1982 pursuant to its sunset clause; the May 13th Order which plaintiff Mize contends reinstated the provisions of the Consent Decree was enacted three years after the PLRA was implemented. Since the institution of the PLRA, any attempt by a federal judge to mandate prospective relief in cases relating to prison conditions must be narrowly drawn, extend no further than necessary, and be the least intrusive means necessary to correct the violation of the Federal right. ***Cason v. Seckinger***, 231 F.3d 777, 780 (11th Cir. 2000); 18 U.S.C. §3626(a)(1).

Since many of the provisions in the Consent Decree are not narrowly drawn and are not the least intrusive means necessary to correct violations of federal rights,[5] even if Judge Owens' intent had been to resurrect the *entire* Consent Decree, and even if a plain reading of the May 13th Order would be to cause such a reinstatement, the PLRA prohibited such a resurrection. Thus, the May 13th Order could not legally "resurrect" the Consent Decree.[6]

Moreover, even if the May 13th Order were valid and lawful insofar as issues concerning the plaintiff in ***Spivey v. Zant***, *supra*, because the Order did not include any sort of time constraint on its directive, it did not "clearly, definitely, and unambiguously" resurrect the previously entered Consent Decree as to all other inmates in G-House.

In light of the foregoing, it is unnecessary to consider whether the defendants have been in violation of the Consent Decree.

- 3 -

---

[5] Provisions in the Consent Decree include, *inter alia*, a mandate of 32 hours per week of time for prisoners to be out of their cells; six hours per week for the prisoners to enjoy outdoor exercise; and detailed visitation rights.

[6] At most, it would appear that Judge Owens in his May 13th Order simply sought to apply provisions of the Consent Decree to plaintiff Spivey.

Accordingly, IT IS RECOMMENDED that the plaintiff's **MOTION FOR CONTEMPT AND MODIFICATION OF CONSENT DECREE** (Tab #25) be **DENIED**; that all additional pending motions for contempt and joinder be **DENIED**; that the plaintiff's **MOTION FOR CHARGES OF PERJURY, ETC.** (Tab #45) be **DENIED;** and, that this case be **CLOSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 10th day of July, 2007.[7]



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[7]Nothing in this Recommendation is intended to preclude the plaintiff or any other movant involved in this case the opportunity to seek redress for alleged constitutional violations pursuant to the avenues provided by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1917(e).